UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARIO JUAN TOMAS,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Center, et al.,

Respondents.

Case No.: 26cv4451-LL-DDL

**ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

[ECF No. 1]

Before the Court is Petitioner Mario Juan Tomas' second Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging that his prolonged detention since December 28, 2025 is unlawful. ECF No. 1 ("Pet."). Respondents filed a Return. ECF No. 6.

Petitioner filed a prior § 2241 petition in case number 26cv2112-LL-DDL, which the Court granted, finding Petitioner wrongfully detained under 8 U.S.C. § 1225(b) and ordered that he be provided with a bond hearing under 8 U.S.C. § 1226(a). Order Granting Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, *Juan-Tomas v. LaRose*, Case No. 26cv2112-LL-DDL (S.D. Cal. Apr. 27, 2026). An immigration judge conducted a bond hearing and issued an order on April 29, 2026 denying Petitioner bond, finding that he is a danger to the community. ECF No. 6-2 at 2.

Respondents argue that Petitioner's instant Petition should be dismissed for abuse of the writ and for failing to exhaust administrative remedies because Petitioner has not appealed the immigration judge's custody determination. ECF No. 6.

There is no statutory requirement under § 2241 to exhaust direct appeals before filing a petition for habeas corpus. *Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 541 (9th Cir. 2004) (citation omitted). However, the Ninth Circuit requires "as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241." *Id.* (citation omitted) (alteration in original). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks and citation omitted).

The Court finds the second and third factors weigh in favor of requiring prudential exhaustion in this case. Petitioner does not mention his first petition or that the Court granted it and ordered the government to provide him with a bond hearing. Instead, he files a new petition with a new argument concerning prolonged detention and stating that he was denied bond. Pet. ¶ 23. The reason he is currently detained is because the immigration judge denied him bond after finding he is a danger to the community. Thus, Petitioner has been afforded due process and the fact that he is still detained after bond was denied is not grounds for a habeas petition in this case. Ordinarily, a person in Petitioner's situation who is dissatisfied with the custody determination should appeal that decision to the Board of Immigration Appeals ("BIA"). *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) (citation omitted). The Court finds this is an attempt to overcome an unfavorable bond hearing by filing a new habeas petition instead of appealing to the BIA and that allowing this would encourage deliberate bypass of the administrative

/ / /

scheme. If there was error in the bond determination, appealing to the BIA will allow the agency to correct its own mistakes.

"When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Nonetheless, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Petitioner asserts that he has exhausted all administrative remedies and that exhaustion should be waived for futility because "Respondents contend [he] is subject to mandatory detention." *Id.* ¶¶ 26–27.

The Court is not persuaded that exhaustion would be futile in this case. The immigration judge's denial of bond was not based on the contention that detention is mandatory. There is no evidence that the BIA does not have the authority to review the immigration judge's finding that the government met its burden to show dangerousness. Therefore, on the facts in this case, the Court declines to waive exhaustion.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the Petition. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED**.

Dated: October 8, 2026

Honorable Linda Lopez
United States District Judge